NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES W. MENEFIELD, | No. 23-2108 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-03812-PA-E |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; CONNIE GIPSON; JOSIE GASTELO, Former Warden of California Men's Colony, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 24, 2025[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

California state prisoner James W. Menefield appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendant

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

prison officials failed to protect him from COVID-19. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024), and we affirm.

I

The district court properly dismissed Menefield's Eighth Amendment claim because he failed to allege facts showing that defendants were deliberately indifferent to his risk of contracting COVID-19. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that prison official violates Eighth Amendment if official was deliberately indifferent, that is, knew of and disregarded an excessive risk to inmate's safety; official must have been aware of facts from which inference could be drawn that a substantial risk of serious harm existed, and must have drawn that inference); *id*. at 844 (holding that official who actually knew of substantial risk of harm may not be liable if they reasonably responded to risk, even if harm ultimately was not averted); *see also Polanco v. Diaz*, 76 F.4th 918, 928–29 (9th Cir. 2023) (holding that alleging solely that prison officials transferred inmates despite their knowledge of a significant risk of transmitting COVID-19 between institutions does not compel an inference of deliberate indifference; however, an allegation that defendants did not attempt to mitigate the risk by taking basic measures to prevent the spread of COVID-19 is sufficient to survive a motion to dismiss).

## II

The district court properly dismissed Menefield's equal protection claim because he failed to allege facts showing that he was similarly situated to inmates with a higher risk score who were transferred to closed cell housing. *See United States v. Quintero*, 995 F.3d 1044, 1056 (9th Cir. 2021) (examining equal protection claims by first asking whether plaintiff's class is similarly situated to the claimed disparate group and, if so, whether classification is justified); *Fournier v. Sebelius*, 718 F.3d 1110, 1124 (9th Cir. 2013) (holding that different treatment of unlike groups does not support equal protection claim). Defendants' legitimate government interest in containing the effects of the pandemic appears rationally related to a policy of prioritizing certain protective measures for prisoners who were five times more likely than Menefield to develop complications from COVID-19. *See Kahawaiolaa v. Norton*, 386 F.3d 1271, 1277-78 (9th Cir. 2004) (applying rational basis test to determine legitimacy of classification when no suspect class is involved and no fundamental right is burdened); *see also Seaplane Adventures, LLC v. County of Marin*, 71 F.4th 724, 730 (9th Cir. 2023) (holding that, for actions taken during a time of great uncertainty with a novel disease, health officials do not need to act perfectly to establish rational basis).

## III

The district court did not abuse its discretion in denying leave to amend

based on its conclusion that amendment would be futile. *See Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023) (granting court discretion to deny leave to amend); *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) (holding that discretion is particularly broad when plaintiff has previously been granted leave to amend and has subsequently failed to add requisite particularity to claims).

**AFFIRMED.**